IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| MULTINATIONAL INSURANCE COMPANY & VMF HOLDING, LLC<br><br>Plaintiffs<br><br>vs.<br><br>GILBERT BONILLA TORRES<br><br>Defendant | Case No.: 26cv01031<br><br>IN ADMIRALTY:<br><br>Fed. R. Civ. P. 9(h) |

**COMPLAINT FOR DECLARATORY JUDGMENT**

**COMES NOW,** the Plaintiffs, MULTINATIONAL INSURANCE COMPANY (hereinafter referred to as "Multinational"), and VMF HOLDING, LLC., (hereinafter "VMF) (collectively referred as "Plaintiffs"), by and through the undersigned attorneys, and for its *Complaint* seeking this Court's Declaratory Judgment respectfully states, alleges and prays as follows:

**I. JURISDICTION AND VENUE**

1. This is an action for declaratory relief pursuant to 28 U.S.C. §§ 2201-02, in that a present controversy exists between the parties in which Plaintiff asks this Court to adjudicate and determine the rights of the parties related to two maritime contracts - a Vessel Space License Agreement ("Slip Rental Agreement") and a policy of marine insurance, which are both in dispute.

2. Venue lies within the District of Puerto Rico as this cause arises out of an insurance claim made under policy no. Y009143 issued in favor of VMF, and the Slip Rental Agreement entered between Mr. Gilbert Bonilla ("Defendant") and VMF as to the Stamas 32 owned by the latter.

3. This is an admiralty and maritime cause within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, and this Court has jurisdiction pursuant to Title 28 of the United States Code, section 1333.

## II. THE PARTIES

4. Multinational is a corporation organized and existing under the laws of the Commonwealth of Puerto Rico, authorized by the Office of the Commissioner of Insurance to act as an insurer for various insurance lines, including ocean marine insurance, with principal place of business located at San Juan, Puerto Rico.

5. VMF is a limited liability company organized and existing under the laws of the Commonwealth of Puerto Rico, authorized to do business in Puerto Rico by the Puerto Rico State Department, with its principal place of business located in Bo. Sardinera, St. 987 KM 2.4, Fajardo PR, 00738. VMF is a party under the Slip Rental Agreement.

6. Defendant, Gilbert Bonilla Torres, is a natural person, residing within the jurisdiction of this federal district court, who is a party under the Slip Rental Agreement, and filed a claim under Multinational's policy. His last known postal and physical address is Urb. Notre Dame, E48 San Pedro St., Caguas PR, 00725-9305.

## III.   FACTUAL ALLEGATIONS

7. Defendant is the owner of a Stamas 32, named COCONUTS, with Hull Id. No. STA32175E607 ("Vessel").

8. On October 31, 2023, Defendant entered into a Slip Rental Agreement with VMF whereby the former was granted a license for the use of a docking space of the latter for his Vessel. See *Exhibit 1 – Slip Rental Agreement*.

9. Pursuant to the Slip Rental Agreemsubmitndant had an obligation to procure a property ("hull") and liability insurance policy covering the Vessel's full market value, including

2

VMF as an additional insured, and to submit any claim relating to it to the insurer under that policy as a first recourse.

10. The Slip Rental Agreement establishes that Defendant shall be deemed self-insured and will hold VMF harmless from any claim, if he fails to carry adequate insurance as required. Specifically, the Slip Rental Agreement states:

> 14. No insurance is carried by the Marina on owner's vessel or personal property. Owner shall carry and uphold during the entire agreement a property insurance policy covering the full market value of the vessel, and public liability coverage with a minimum coverage of $300,000.00. Both policies will include VMF as additional insured. Endorsement shall provide no less than thirty (30) days' notice of cancellation to VMF. Owner agrees that any claim or loss by owner, or related to owner or his vessel, shall be first paid by owner from the owner's insurance. Failure to carry adequate or proper insurance or agreed endorsement will confirm the intention of owner to be deemed selfinsured [sic], covering VMF as additional insured and owner shall also save, indemnify, and hold VMF harmless from any claim, loss or liability.

See *Exhibit 1, pg. 2.*

11. The Slip Rental Agreement was automatically renewed by VMF and Defendant through the years 2024 and 2025.

12. On June 16, 2025, Defendant procured from Seguros Multiples the Multipack Policy No. MPP-4584119 ("Seguro Multiples' Policy"), which, among other coverages, included a Yacht Coverage Part providing limits of $500,000.00 for bodily injury and property damage liability. Said policy, however, afforded no coverage for physical damage to the Vessel (i.e. Hull Coverage). See *Exhibit 2, Declarations -Yacht Coverage Part*.

13. Defendant breached Clause Fourteen (14) of the Slip Rental Agreement by not procuring hull coverage for the full market value of the Vessel and naming VMF as an additional insured under said coverage.

14. On May 15, 2025, Multinational issued Policy No. Y009143 to VMF, with an effective period running from May 15, 2025, to May 15, 2026, providing *inter alia*, Marine Operators Liability coverage, pursuant to all its terms, conditions, limitations, and exclusions.

15. On July 10, 2025, an incident occurred in Villa Marina, located in Fajardo, Puerto Rico, resulting in an uncontrolled drop of the Vessel, causing damage to it.

16. On August 5, 2025, Defendant submitted a claim to VMF under Multinational's Policy seeking $230,000.00 for alleged damage to the Vessel, $15,000.00 for mental anguish, and $2,500.00 in attorneys' fees ("Claim").

17. After investigating the Claim submitted, Multinational and VMF sent on November 10, 2025, a detailed letter to Defendant stating the reasons why VMF was not liable for the claimed damages and informing it was closing the Claim without payment.

18. Specifically, Plaintiffs explained that the insurance procurement clause contained in Clause Fourteen (14) of the Slip Agreement invested a duty upon Defendant to seek adequate hull insurance for its Vessel and to submit any claim regarding said Vessel to the insurer of that policy as a first recourse, before submitting any claim to VMF. Although Defendant procured insurance and listed VMF as an additional insured under the public liability coverage of Seguro Multiple's Policy Yacht Coverage Part, he failed to obtain the required hull insurance. Thus, breaching the cited clause, deeming himself self-insured, and activating his duty to hold VMF harmless from his own claim.

19. Accordingly, the only reason the Claim was being brought against Plaintiffs was because Defendant had breached his contractual duty to procure the agreed upon insurance. Put differently, had Defendant complied with his contractual obligation under the Slip Rental Agreement by obtaining hull coverage for the Vessel and naming VMF as an additional insured, the Claim would have been paid by Defendant's insurer, without recourse against Multinational.

20. Thus, in light of Defendant's breach of contract, Plaintiffs are not responsible for the claimed damages of the Vessel.

21. Notwithstanding the reasons stated by Multinational and VMF in their November 10, 2025, Letter, and in response thereto, Defendant's position continues to be that Plaintiffs are liable to Defendant for the damages the Vessel sustained.

22. Therefore, a *bona fide* controversy exists between the parties as to the rights the parties have under the Policy and the effect Defendant's breach has on the Claim submitted thereunder.

## IV.    FIRST CAUSE OF ACTION

**Plaintiffs are not responsible for payment of the claimed damages of the Vessel given Defendant's failure to insure his property and the concomitant contractual breach of the Slip Rental Agreement.**

23. Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 1 through 22 as if set forth fully herein.

24. Clause Fourteen (14) of the Slip Rental Agreement is an insurance procurement clause which contractually allocated the burden of potential loss to Defendant instead of VMF.

25. This insurance procurement clause invested a duty upon Defendant to seek adequate hull insurance for its Vessel and to submit "any claim or loss by [him], or related to [him] or his vessel" to the insurer of that policy, before submitting any claim to VMF. Thus, shifting the risk of loss of the Vessel to Defendant by requiring him to fully insure the market value of the Vessel.

26. Clause Fourteen (14) of the Slip Rental Agreement also required Defendant to include VMF as an additional insured under the hull policy. This had the effect of invoking the anti-subrogation rule, thereby preventing the hull's policy insurer from subrogating against VMF.

5

27. Clause Fourteen (14) advises that "[f]ailure to carry adequate or proper insurance or agreed endorsement will confirm the intention of [Defendant] to be deemed self-insured, covering VMF as additional insured". It also stipulates that in that case "[Defendant] shall also save, indemnify, and hold VMF harmless from any claim, loss or liability". See *Exhibit 1, pg. 2*.

28. Although Defendant procured liability insurance and listed VMF as an additional insured under the public liability coverage of the Yacht Coverage Part of Seguro Multiples Policy, he failed to obtain the required hull insurance. See *Exhibit 3, Certificate of Liability Insurance*. Thus, breaching the aforementioned clause, deeming himself self-insured, and activating his duty to hold VMF harmless from his own claim.

29. Had Defendant complied with his contractual obligation under the Slip Rental Agreement by obtaining hull coverage for the vessel and naming VMF as an additional insured under said coverage part, this claim would have been paid by Defendant's insurer, without recourse against Multinational or VMF due to the application of the anti-subrogation rule. That is, the required hull insurance would have paid for the loss at issue and would have been unable to claim payment from VMF or Multinational. This is a common contractual risk transfer wherein through the use of contractual obligations, a potential risk is transferred to another party. The transfer can be perfected with indemnity and exculpatory agreements, waivers of subrogation, and contractual requirements to obtain insurance coverage for specific risks.

30. The applicable Policy issued by Multinational in favor of VMF states, in relevant that:

> With respect to any non-owned watercraft covered under the Marina Operators Liability Coverage[,] this Company agrees to pay on behalf of the Named Insured all sums which the Insured, as Marina Operator, **shall become legally obligated to pay**:

See *Exhibit 4, Multinational Policy*.

6

31. To that end, it is settled law that a party who breaches an insurance procurement clause is liable for the cost and expenses the other party incurs in defending an action that would have been covered by the required insurance policy. This also includes the amount which would have been due under the policy that should have been obtained.

32. Since Defendant breached the insurance procurement clause, VMF cannot be held legally responsible for an indemnity that should have been borne by the hull insurer. Especially when, pursuant to Clause fourteen (14) of the Slip Rental Agreement, Defendant is deemed self-insured and has a duty to hold VMF harmless from his own claim.

33. Defendant's claim has to fail and is consequence of his own failure to comply with his contractual obligations contained in clause fourteen (14) of the Slip Rental Agreement to procure hull insurance for the Vessel and name VMF as an additional insured under said coverage part.

34. Defendant cannot benefit from his own breach of contract and hold VMF responsible for a claim that should have been first made and paid by his own insurance company.

## II. SECOND CAUSE OF ACTION.

**Plaintiffs are not responsible for payment for the claimed damages to the Vessel given the Slip Agreement's exculpatory clause.**

35. Plaintiffs repeat and reallege each and every allegation set forth in Paragraphs 1 through 34 as set forth fully herein.

36. If the Court were to deny Plaintiffs request under the first cause of action, an actual bona fide dispute would still exist with regards to Plaintiffs liability of the claimed Vessel's damages.

37. Specifically, the Rental Slip Agreement contains an exculpatory clause which reads:

> 15. VMF, its officers, members, and employees shall not be responsible for

and shall be not be liable for the care, security, control, or protection of the vessel (including its machines, gears, appurtenances, trailer, equipment's, and contents) or for any loss or damage of whatever kind or nature to the vessel, its contents, gear, and equipment, or for any damage, injury, loss whatever kind or nature resulting, caused by or growing out of the use of the Marina facilities. Owner releases and discharges VMF from any and all lability for damages, loss, injury, including death, mental anguish, pain, suffering of whatsoever nature, to any person operating, on-board, or visiting the vessel, or property, including but not limited to consequential damages, lost profits, loss of use of vessel, robbery, vandalism, fire, hurricane, storm, earthquakes, swells, high or low waters, rains, collision, accident, any act of God or any other reason, sustained while in or on the Marina facilities, whether due to the sole negligence of VMF. Owner and vessel shall release, indemnify, and holds VMF harmless against any and all suit or claim, loss, injury (including death), cost, expenses, including without limitation judgments and attorney's fees, to any person, third parties or property, arising out of the use of pier space or dry storage, Marina facilities or any handling or operation of the vessel whether or not such loss, costs, suit or claim is based upon the sole negligence of WMF or otherwise.

See *Exhibit 1, pgs. 2-3*.

38. The terms of the cited clause were clearly expressed and unambiguously state, *inter alia*, that VMF nor its employees shall be held liable for the care, security, or protection of the Vessel and for any loss or damage arising from the use of the marina facilities—regardless of cause, including VMF's own negligence. The exculpatory clause also states that Defendant releases VMF from all claims and agrees to indemnify and hold VMF harmless from any claims, costs, judgments, and attorney's fees arising out of the Vessel's use of the marina facilities, even if based on VMF's sole negligence.

39. Defendant read the cited clause, agreed with the wording contained therein, and proceeded to sign his initials at the end of it:

> 15. VMF, its officers, members and employees shall not be responsible for and shall not be liable for the care, security, control, or protection of the vessel (including its machines, gears, appurtenances, trailer, equipment's, and contents) or for any loss or damage of whatever kind or nature to the vessel, its contents, gear, and equipment or for any damage, injury, loss whatever kind
>
> or nature resulting, caused by or growing out of the use of the Marina facilities. Owner releases and discharges VMF from any and all liability for damages, loss, injury, including death, mental anguish, pain, suffering of whatsoever nature, to any person operating, on-board, or visiting the vessel, or property, including but not limited to consequential damages, lost profits, loss of use of vessel, robbery, vandalism, fire, hurricane, storm, earthquakes, swells, high or low waters, rains, collision, accident, any act of God or any other reason, sustained while in or on the Marina facilities, whether due to the sole negligence of VMF. Owner and vessel shall release, indemnify, and holds VMF harmless against any and all suit or claim, loss, injury (including death), cost, expenses, including without limitation judgments and attorney's fees, to any person, third parties or property, arising out of use of pier space or dry storage, Marina facilities or any handling or operation of the vessel whether or not such loss, costs, suit or claim is based upon the sole negligence of VMF or otherwise. Initials: _____.

40. Defendant was aware of the exculpatory clause contained in the Slip Rental Agreement and proceeded to, freely and voluntarily, sign the Slip Rental Agreement.

41. Given that the Claim arises of the loss or damages sustained by the Vessel and Defendant's use of the marina's facilities, VMF cannot be held liable, pursuant to the exculpatory clause, for the claimed damages.

### III. THIRD CAUSE OF ACTION

### Valuation of the claimed damages

42. Plaintiffs repeat and reallege each and every allegation set forth in Paragraphs 1 through 41 as if set forth fully herein.

43. If this Court were to deny Plaintiffs request under the first cause of action, an actual *bona fide* dispute would still exist with regards to the value of the claimed damages.

44. Defendant is requesting $230,000.00 for alleged damage to the Vessel.

45. Defendant's demand for $230,000.00 for alleged damage to the Vessel is unreasonable and does not conform to the actual pre-loss value or damage sustained by the Vessel. More so when Defendant has only provided a cost estimate for $95,000.00.

46. Thus, if this Court were to deny Plaintiffs' request under the first cause of action, the Court must then determine the true extent of the damage suffered by Defendant's Vessel.

9

**WHEREFORE,** Plaintiffs respectfully request that this Honorable Court enter judgment in their favor and declare that, as a result of Defendant's breach of the insurance procurement clause contained in Clause Fourteen (14) and the exculpatory clause contained in Clause Fifteen of the Slip Rental Agreement, Plaintiffs have no legal obligation to indemnify or pay for the Vessel's alleged damages. In the alternative, Plaintiffs request that the Court determine that Defendant's claim for $230,000.00 in Vessel damages is exaggerated and unsupported, and to determine the actual amount, if any, of damages sustained by the Vessel. Plaintiffs further request that Defendant be taxed with all costs, expenses, and attorneys' fees incurred in this action.

**I HEREBY CERTIFY** that on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel and parties of record.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 21st day of January of 2026.

*s/ Ian P. Carvajal*
IAN P. CARVAJAL
Bar Number: 212003
E-mail: icarvajal@scvrlaw.com

s/ *Manuel E. Mazo Nido*
MANUEL E. MAZO-NIDO
Bar Number: 306607
E-mail: mmazo@scvrlaw.com

Attorneys for Plaintiffs
**SALDAÑA, CARVAJAL & VÉLEZ-RIVÉ, PSC**
166 Ave. De la Constitución
San Juan, PR 00901
Tel.: (787) 289-9250
Fax:  (787) 289-9253